**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BEATRIZ ZAMORA,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., a New York Corporation, LOAN EXPRESS LENDING, INC., a California Corporation, IRN REALTY, INC., a California Corporation, SUMMIT EQUITY FUND LLC, a California Limited Liability Company, FRANK G. GARCIA, an individual, KAREN LO-YI CHOU, an individual, and DOES 1-20 inclusive,<br><br>Defendants. | CASE NO. CV 10-03636 ODW (FMOx)<br><br>ORDER **DENYING** DEFENDANT, IRN REALTY, INC.'S, MOTION FOR SUMMARY JUDGMENT [50] |

_____

## I.  INTRODUCTION

Currently before the Court is Defendant, IRN Realty, Inc.'s, Motion for Summary Judgment (Dkt. No. 50.)  After careful consideration of the briefing and evidence submitted by the parties in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, the Court **DENIES** IRN's Motion.

1

## II.  BACKGROUND

Plaintiff, Beatriz Zamora ("Plaintiff"), resided at 3042-3042 1/2 East 6th Street in Los Angeles, CA 90023 (the "Property").  On or about May 31, 2006, Plaintiff entered into a Residential Income Property Agreement and Joint Escrow Instructions ("RIPA") with Defendants, Frank Garcia ("Garcia") and Karen Lo-Yi Chou ("Chou") who allegedly were Defendant, IRN Realty, Inc.'s, agents.  Stemming from the RIPA are various allegations underlying fifteen claims against all Defendants in the suit.  Generally, Plaintiff alleges that Defendants willfully deceived Plaintiff to enter into a loan application and other transactions to purchase the Property.  (Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") 2.)

## III.  LEGAL STANDARD

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely" in dispute; that is, summarily adjudicate individual issues.  Fed. R. Civ. P. 56(d).  Evidence that court may consider includes the pleadings, discovery and disclosure materials, and any affidavits on file.  Fed. R. Civ. P. 56(c)(2).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  That burden may be met by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id*. at 325.  Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial.  *Id*. at 323-34; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate if a party, after adequate time for discovery, "fails to make a showing sufficient to establish

1    the existence of an element essential to that party's case, and on which that party will bear

2    the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

3        Only genuine disputes over facts that might affect the outcome of the suit will

4    properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248; *see also*

5    *Aprin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (the

6    nonmoving party must present specific evidence from which a reasonable jury could

7    return a verdict in its favor). "A scintilla of evidence or evidence that is merely colorable

8    or not significantly probative does not present a genuine issue of material fact." *Addisu*

9    *v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) (citation omitted).

10       It is not the task of the district court "to scour the record in search of a genuine

11   issue of triable fact. [Courts] rely on the nonmoving party to identify with reasonable

12   particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d

13   1275, 1279 (9th Cir. 1996); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237

14   F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for

15   evidence establishing a genuine issue of fact, where the evidence is not set forth in the

16   opposing papers with adequate references so that it could conveniently be found.").

17

18                              **IV.  DISCUSSION**

19       IRN Realty, Inc. seeks summary judgment on the ground that it should not be a

20   party in this suit.  Specifically, IRN Realty, Inc. argues that it never employed Garcia and

21   Chou, and implicates "YF Limited" as a potential corporate entity that Garcia and Chou

22   worked for during the relevant time period.  (Def.'s Mot. for Summ. J. ("Mot.") 6.)

23   Hence, IRN Realty, Inc. contends that it cannot be a party to this suit because there were

24   no connections, relationships, or communication between the Plaintiff and IRN Realty,

25   Inc. or its agents.    (IRN Realty, Inc.'s Statement of Uncontroverted Facts and

26   Conclusions of Law ("SUF") No. 2.)

27       To corroborate its position, IRN Realty, Inc, submits Garcia and Chou's

28   employment history records taken from the California Department of Real Estate. (Def.'s

     Request for Judicial Notice ("RJN"), Exhs. 2–3.)  Garcia and Chou's records do not

1   indicate, specifically, "IRN Realty, Inc." as ever employing the said Defendants.  Instead,

2   IRN Realty, Inc. avers that YF Limited, doing business as "IRN Realty," employed

3   Garcia and Chou.

4       Despite IRN Realty, Inc.'s contentions that no connection, relationship (direct or

5   indirect), or communication exist, Plaintiff proffers controverting evidence.  Specifically,

6   Garcia has admitted to having been employed by "IRN Realty."   (Decl. of Salar

7   Atrizadeh in Opp'n to Def.'s Mot. ("Atrizadeh's Decl."), Pl.'s Req. for Admis., Exh. 2

8   at 11.)  Additionally, the RIPA shows that Garcia and Chou were affiliated with an "IRN

9   Realty" (see generally Atrizadeh's Decl., Exh. 1.), and in at least one instance, "IRN

10  Realty, Inc." is specifically mentioned.  (Atrizadeh's Decl., Exh. 1 at 17.)  Additionally,

11  "IRN Realty" and "IRN Realty, Inc." seemingly shared the same corporate address at 556

12  W. Las Tunas Dr., Suite 101, Arcadia, CA 91007 (see Atrizadeh's Decl., California

13  Statement of Information, Exh. 4.) and the same officer or agent, David Cheng, during

14  all relevant times.  (See id; RJN, Exhs.1, 4.)

15      Thus, the Court cannot turn a blind eye to the apparent commonality between "IRN

16  Realty, Inc." and "IRN Realty."  Undoubtedly, there are issues of material fact as to the

17  nature of the relations between the two entities.  Also, IRN Realty, Inc. zealously

18  references the fact that "IRN Realty" is a dissolved corporation.  (RJN, Exh. 4.)  This

19  fact, however, does not resolve any issues of material fact especially because a dissolved

20  corporation may not completely avoid liabilities.  *See* Cal. Corp. Code § 2011 ("Causes

21  of actions against a dissolved corporation . . . may be enforced against any of the

22  following . . . (B) [i]f any of the assets of the dissolved corporation have been distributed

23  to shareholders, against shareholders  . . . .").

24      Accordingly, the Court DENIES IRN Realty, Inc.'s Motion because genuine issues

25  of fact remain as to the relationship between "IRN Realty, Inc." and "IRN Realty."

26

27

28

4

1

2
## V.   CONCLUSION

3
For the foregoing reasons, the Court **DENIES** IRN Realty, Inc.'s Motion for

4
Summary Judgment.

5

6
IT IS SO ORDERED.

7

8
November 8, 2010

9

10
_____

11
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28